IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY DeANGELOS TRIMONE, #308755,)
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CIVIL ACTION NO. 2:19-CV-934-MHT
                                    )                [WO]
NURSE PRACTITIONER JOHNS,           )
                                    )
            Defendant.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Jeffery DeAngelos Trimone, a state inmate incarcerated at the Kilby Correctional Facility, filed this 42 U.S.C. § 1983 complaint challenging the medical treatment he received for a hernia.  Doc. 1.  Trimone did not submit the $350 filing fee or applicable administrative fee upon the initiation of this case and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court.  Doc. 2.  In support of this request, Trimone provided financial information showing the funds available to him in his inmate account upon the initiation of this case.  Doc. 2 at 3.

After a thorough review of the financial information provided by Trimone and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Trimone owed an initial partial filing fee of $6.50.  Doc. 3 at 1–2.  Based on the foregoing, the court ordered that Trimone pay the initial partial filing fee on or before January 6, 2020.  Doc. 3 at 2.  In addition, this order specifically informed Trimone "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**."

Doc. 3 at 2 (emphasis in original).  The order also "advised [Trimone] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3.  Moreover, the court specifically cautioned Trimone that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist."  Doc. 3 at 3.

As of the present date, Trimone has failed to pay the initial partial filing fee.  The foregoing reflects Trimone's lack of interest in the continued prosecution of this case. Under the circumstances of this case, the undersigned finds that lesser sanctions than dismissal are not appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  Thus, this case is due to be dismissed.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Trimone's failure to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

On or before **August 4, 2021,** Plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 21st day of July, 2021.


 /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE